## HALLETT v. BOYER.

### (Steuben County Court. January 23, 1909.)

1. JURY (§ 79*)—DRAWING JURY.
   Though Code Civ. Proc. § 2991, provides for the drawing "forthwith" of a jury by a justice of the peace, yet the parties then stipulating that he may draw it later in the presence of the constable, he has jurisdiction to do so, and in their absence.
   [Ed. Note.—For other cases, see Jury, Dec. Dig. § 79.*]

2. JURY (§ 38*)—DEFINITION.
   The word "jury," as used in the Constitution, means a jury of men possessing such qualifications as the law in force at the time prescribes for jurors serving in the courts and selected from one of the lists in use by the courts.
   [Ed. Note.—For other cases, see Jury, Dec. Dig. § 38.*
   For other definitions, see Words and Phrases, vol. 4, pp. 3889–3894.]

3. JURY (§ 82*)—IMPROPER DRAWING OF JURY.
   Even if the drawing of a jury is improper, the justice of the peace does not thereby lose jurisdiction; he having power to draw another jury under Code Civ. Proc. § 2997, if for any cause the venire is set aside.
   [Ed. Note.—For other cases, see Jury, Dec. Dig. § 82.*]

4. JURY (§ 110*)—DRAWING—WAIVER OF OBJECTION.
   Defendant, by appearing on the day of trial, and answering and taking part in the proceeding before objecting to the jury as it had been drawn, waived objection on that account.
   [Ed. Note.—For other cases, see Jury, Cent. Dig. § 513; Dec. Dig. § 110.*]

Appeal from Justice Court.

Action by Fanny D. Hallett, executrix of W. O. Hallett, deceased, against Emma Boyer. From a judgment for plaintiff, defendant appeals. Affirmed.

Whiteman & Hill, for appellant.
Allen M. Burrell, for respondent.

BURRELL, J. This action was brought on a promissory note made by the defendant, whose name at the time was Emma Jones.

The return of the justice shows that on the return day of the summons, July 8, 1907, the plaintiff and the defendant both appeared in person before the justice and answered to the cause; that issue was joined by them, and a jury demanded by the defendant and the fees for same paid to the justice. The jury, however, was not at once drawn. The return states:

"Parties stipulated that justice draw jury in presence of constable later, and in the afternoon of the same day, in presence of the constable, jurors drawn, whose names appear in the annexed venire. July 8th. Venire issued and delivered to W. D. French, Constable."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On the adjourned day at which time the venire was returnable, the parties appeared in person and by counsel, and their appearance noted by the justice on his minutes. The counsel for the defendant thereupon moved to amend his answer, which amendment was allowed. Counsel then objected to the panel of jurors as drawn upon the grounds that they were not drawn in accordance with section 2991 of the Code of Civil Procedure, that the panel was not drawn at the time the defendant demanded the jury, and were not drawn from a list duly certified. The objection was overruled and the trial proceeded, and the jury rendered a verdict in favor of the plaintiff.

The sole question presented on this appeal is: Could the jury thus demanded by the defendant be drawn at a later time in the absence of the parties? It is urged on the part of the appellant that the justice lost jurisdiction by not drawing the jury "forthwith," as provided in section 2991. It is true that this section prescribes the manner in which a jury must be drawn, but, according to the return of the justice, the parties themselves conferred power on the justice to draw it at a later date, and the defendant who was entitled to have the jury forthwith drawn waived that provision of the statute and consented that the justice might draw it later in presence of the constable. There is no question made here but that the jury was drawn from the proper list and in a proper manner, except that it was not done "forthwith" as contemplated by the Code, while the parties were present. The parties certainly had the power of agreeing to the later drawing of the jury, and, when they did so agree, the justice was clothed with full power to proceed therewith. If the parties were satisfied with that procedure, the statutory provisions could be waived in the same manner as adjournments can be consented to by the parties when the statute forbids it as a matter of right.

There is no evidence that the drawing of this jury in this manner in any way injured the defendant or that it was not a proper jury. "The word 'jury,' as used in the Constitution, means a jury of men possessing such qualifications as the law in force at the time prescribes for jurors serving in the courts and selected from one of the lists in use by the courts." People ex rel. Eckerson v. Trustees, 151 N. Y. 75, 45 N. E. 384.

The court did not lose jurisdiction of the cause; for, if the venire was for any cause set aside, the justice had power to draw another jury under section 2997 of the Code of Civil Procedure. On the day of the trial, the defendant appeared with counsel and answered in the case and took part in the proceedings before any objection was made to the jury so drawn. By thus appearing, any irregularities were waived. "It is the duty of the defendant to raise the objection at the earliest moment if he would avail himself of them on an appeal." 3 Waite's Law & Practice, p. 234.

The judgment of the Justice's Court should be affirmed, with costs.